UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JANE DOE,

    Plaintiff,

vs.

ELANA IATAROLA, et al.,

    Defendants.

Case No. 1:25-cv-149

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On March 11, 2025, Plaintiff, proceeding pro se, paid the requisite filing fee and filed the above-captioned case. For the reasons that follow, the undersigned now recommends that this case be DISMISSED *sua sponte* for lack of subject matter jurisdiction, or alternatively, for failure to state any claim.

**I. Background**

Many pro se litigants seek to file their complaints in forma pauperis, or without payment of a filing fee. In such cases, Congress has authorized Courts to conduct an initial evaluation of the complaint prior to authorizing service on any defendant. See 28 U.S.C. § 1915(e). Because Plaintiff paid the full filing fee, her complaint is not subject to statutory sua sponte screening under § 1915(e). Nevertheless, this Court retains the authority to dismiss frivolous lawsuits under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). While pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive

1

the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Moreover, a federal court has the obligation to dismiss a lawsuit at any time that it determines it is without subject matter jurisdiction.

Here, in the course of reviewing Plaintiff's complaint, it has become apparent that Plaintiff's claims are legally frivolous under the *Apple v. Glenn* criteria, and subject to *sua sponte* dismissal. In the complaint filed in this case, Plaintiff details a number of incidents dating back to 2015 ranging from alleged employment discrimination, fabricated romantic relationships, forced hospitalization, substance abuse and being wrongly accused of sexual assault. Plaintiff appears to assert that these incidents occurred as a result of being under surveillance and investigation by the FBI and that such surveillance resulted in harassment. The named defendants in this matter appear to be current and former FBI agents.

**II. Plaintiff's Complaint Should be Dismissed**

While pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

Upon careful review, the undersigned finds that Plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court. Plaintiff's factual allegations are generally implausible, illogical and incomprehensible. The complaint provides no factual content or context from which the Court may reasonably infer that the Defendants

2

violated Plaintiff's rights under federal law. As such, Plaintiff's complaint should be dismissed.

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JANE DOE, | Case No. 1:25-cv-149 |
| Plaintiff, | |
| | McFarland, J. |
| vs. | Bowman, M.J. |
| ELANA IATAROLA, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).